UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANE SHEPHERD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:16-cv-00304-LJM-MJD |

## ORDER

This action is before the Court on the United States of America's (the "Government's") Motion to Stay Proceedings pending resolution of the cause styled *Welch v. United States*, No. 15-6418, pending before the United States Supreme Court. Dkt. No. 4. In *Welch*, the U.S. Supreme Court will address whether or not *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule of constitutional law that the Supreme Court categorically made retroactive. The Government argues that Petitioner Shane Shepherd's ("Petitioner's") sentence would not be illegal in the majority of the Circuits in the country and absent the Seventh Circuit's opinion in *Price v. United States*, 795 F.3d 731 (7th Cir. 2015), he would not be entitled to any relief. *Id.* at 2. The Government further disputes that Petitioner is entitled to immediate release. *Id.* Therefore, given the potential for unequal treatment and the fundamentality of the rights at stake in this and other similar cases, the Government contends that a stay of this proceeding is in the interest of justice and prudence. *Id.* at 3-4.

Petitioner opposes the motion. Dkt. No. 6. Essentially, Petitioner argues that under controlling Seventh Circuit precedent, he is entitled to immediate release. *Id.* at 4.

In addition, the Government itself has taken a position that is favorable to Petitioner's claim here, arguing for retroactive application of *Johnson*. *Id.* at 1-3. Petitioner asserts that both the risk of prejudice to him and the public interest favor a denial of the stay. *Id.* at 3-4.

In ruling on the Motion to Stay, the Court must "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The traditional factors relating to the issuance of a stay are: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Applying these factors to the instant case, with respect to the first factor, the Court cannot agree with the Government that its position on the merits in *Welch* is immaterial to the question of likelihood of success on the merits. The Government is advocating for retroactive application of *Johnson*, which is the law of this Circuit. As the Court sees it, this is an admission that, on the merits, *Welch* is most likely to be decided in Petitioner's favor.

With respect to the second and third factors, the Court cannot see any prejudice to the Government by proceeding with briefing on the merits of this case. The parties have not reached a stipulation; therefore, the arguments of the parties must be fully addressed. Further, it is axiomatic that confinement in violation of the Petitioner's

constitutional rights is an ipso facto irreparable injury.  *See Nelson v. NASA*, 530 F.3d 865, 882 (9th Cir. 2008).

The only factor that weighs in favor of a stay is the public's interest in treating all persons equally under the law.  As the Government points out, the constitutionality of a sentence should not depend upon the jurisdiction in which one was convicted.

Under the circumstances presented to the Court here, the Court will deny the Motion to Stay and allow the parties to fully brief the issue of the constitutionality of Petitioner's sentence.  If *Welch* is still undecided once the issues have been briefed, the Government may renew its Motion to Stay with all the facts of Petitioner's circumstances laid out for the Court's consideration.

For these reasons, the Government's Motion to Stay is **DENIED**.  The Government shall have twenty-one (21) days from the date of this Order to respond to the Petition; Petitioner shall have fourteen (14) days thereafter to file a reply.

IT IS SO ORDERED.

DATED: March 22, 2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov